**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

MELISSA DIAZ                                                                                              PLAINTIFF

v.                                              3:15-CV-00303-DPM-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D. P. Marshall Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Melissa Diaz, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits.  Both parties have submitted briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

1

opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is forty-nine years old. (Tr. 28) She is a high school graduate and received training to become a certified nurses assistant. (Tr. 28-29) She has past relevant work as a poultry dresser and shoe inspector. (Tr. 18)

Plaintiff alleges she is disabled due to sickle cell disease, glaucoma, scoliosis, asthma, fainting, spells, and anxiety. (Tr. 187) The ALJ[1] found Ms. Diaz had not engaged in substantial gainful activity since June 19, 2012, the alleged onset date. (Tr. 12) She has "severe" impairments in the form of sickle cell disease, asthma, generalized anxiety disorder, paranoid schizophrenia, and post-traumatic stress disorder. (*Id.*) The ALJ further found Ms. Diaz did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 12-14)

The ALJ determined Ms. Diaz had the residual functional capacity to perform a reduced range of light work. (Tr. 14) With the aid of a vocational expert, the ALJ determined Ms. Diaz could perform her past work as a poultry dresser despite her impairments. (Doc. No. 18) Accordingly, the ALJ determined Ms. Diaz was not disabled. (Tr. 19)

The Appeals Council[3] denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4) Plaintiff filed the instant Complaint

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

[3]I note that Plaintiff's strongest evidence of disability was submitted to the Appeals Council but this evidence was outside the date of the ALJ's decision and cannot be considered here.

initiating this appeal.  (Doc. No. 2)

In support of her Complaint, Plaintiff raises several arguments.  She believes the ALJ incorrectly determined she has the residual functional capacity to perform a reduced range of light work.  (Pl.'s Br. 7-11)  As a part of this argument, she believes the ALJ failed to develop the record by not ordering additional consultative examinations to assess her physical limitations.

Plaintiff acknowledges she bears a heavy burden in showing the record has been inadequately developed.  She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither.  The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision.  *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  In this case, the record was sufficient upon which to make an informed decision.  The treatment notes from Plaintiff's neurologist fail to support an allegation of complete disability.  The diagnostic testing also supports the ALJ's decision.  (Tr. 241, 243)

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).

Plaintiff's most compelling medical evidence is from her treating doctor, Daniel B. Bennett, M.D.  (Tr. 247-261, 316-343)  The treatment notes in fact show Ms. Diaz suffers from some degree of limitation, but the ALJ fairly considered this evidence and I find no error in his analysis.  I am concerned with a diagnosis of paranoid schizophrenia.  However, the most compelling parts of Ms. Diaz's treatment notes come from her subjective complaints.  As will be discussed further, the ALJ rightly discounted these complaints.

And, while Plaintiff surely disagrees, I find no error with the ALJ placing great weight on

the Mental Diagnostic Evaluation by Samuel B. Hester, Ph.D. (Tr. 264-272) Dr. Hester diagnosed Plaintiff on Axis I with post-traumatic stress disorder, anxiety disorder, depressive disorder, and pain disorder. (Tr. 270) Dr. Hester assessed that Ms. Diaz is "limited in her ability to communicate and interact in a socially adequate manner due to anxiety disorder." *Id.* However, he also believed she was capable of performing work activities. (Tr. 271)

Plaintiff argues the ALJ was incorrect to place greater weight on Dr. Hester's conclusion than that of her treating doctor. Normally, a treating doctor's opinion is given greater deference than the opinions of a consulting doctor. However, I do not find that ALJ gave Dr. Hester greater weight *over* her treating doctor. The ALJ stated, "I have given great weight to the opinion of Dr. Hester, as it [is] an uncontradicted opinion of an acceptable medical source under the Regulations who had an opportunity to perform a relatively thorough consultative examination of the claimant." (Tr. 16) Importantly, the ALJ correctly notes that Dr. Hester's findings are not contradicted by Plaintiff's treating doctors. Additionally, as the ALJ stated, "Dr. Hester has a specialty in clinical psychology, which makes him qualified to offer an opinion regarding the claimant's mental status." (*Id.*)

In determining Plaintiff's residual functional capacity, the ALJ accounted for those mental limitations supported by the objective medical evidence. The reduced range of light work accounts for those physical and mental impairments assessed by Dr. Hester and her treating doctors. And rather than focusing on a diagnosis, the ALJ rightly placed substantial weight on Plaintiff's activities of daily living. (Tr. 15)

Plaintiff also disagrees with the ALJ's credibility assessment. The credibility assessment plays a significant role in the residual functional capacity assessment.

The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;

4

>    2. the duration, frequency and intensity of the pain;
>
>    3. precipitating and aggravating factors;
>
>    4. dosage, effectiveness and side effects of medication;
>
>    5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

A review of the ALJ's opinion shows he considered Plaintiff's subjective allegations at some length, but found them less than credible. (Tr. 15-17) His credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart,* 354 F.2d 710, 714 (8th Cir. 2003). The ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard. *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007). Accordingly, I find no basis to overturn the ALJ's credibility determination.

Plaintiff has advanced other arguments which I have considered and find to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d

946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 26th day of April, 2016.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE